UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| **Leo McClam**, #3147, | ) | C/A No. 3:08-1621-TLW-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| v. | ) | |
| | ) | |
| Ms. NFN Sparks, Nurse, | ) | |
| Defendants. | ) | |
| _____ | ) | |

Leo McClam (Plaintiff) files this 42 U.S.C. § 1983 action *pro se* and seeks to proceed *in forma pauperis* under 28 U.S.C. § 1915.[*] Plaintiff is a patient of the South Carolina Department of Mental Health involuntarily committed at Columbia Care Center as a Sexually Violent Predator (SVP). Plaintiff brings this action claiming denial of medication which he alleges is medical neglect. (Compl. at 2.) Specifically, Plaintiff complains that he did not receive sleeping medication when requested at 3:30 a.m. the morning of April 11, 2008. (Compl at 3.) Plaintiff seeks damages and injunctive relief.

## *Pro Se* Review

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant

---

[*]All pretrial matters in cases with a *pro se* party or an application to proceed *in forma pauperis* are authorized for review by an assigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(b) and (e), DSC, for submission of findings and recommendations to the District Court.

who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact."  *Denton v. Hernandez*, 504 U.S. at 31.  Under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

Plaintiff is a *pro se* litigant whose pleadings are accorded liberal construction.  *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F. 2d 1291 (4th cir. 1978); *Gordon v. Leeke*, 574 F. 2d 1147 (4th Cir. 1978).  *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys.  *Hughes v. Rowe*, 449 U.S. 5 (1980).  However, even under this less stringent standard, a *pro se* complaint it subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

## Discussion

Plaintiff asserts a claim against the Defendants for damages and injunctive relief under § 1983.  Because Plaintiff is civilly committed as an SVP rather than incarcerated, the Fourteenth Amendment rather than the Eight Amendment is the appropriate source for determining his rights.  *See Younberg v. Romeo*, 457 U.S. 307, 325 (1982) (Fourteenth Amendment was the appropriate vehicle for civil rights lawsuit by one involuntarily committed in state institution).  The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law."  U.S. Const. Amend. XIV.  The Fourteenth Amendment ensures that states will provide not only for the medical needs of those in penal settings, but for anyone restricted by a state form obtaining medical care on his own.  *DeShaney v. Winnebago*, 489

U.S. 189, 200 (1989). However, to the extent Plaintiff's claim sounds in negligence, he cannot bring this action under § 1983. *See Id.* at 200-03 (section 1983 does not impose liability for violations of duties of care arising under state law).

Although required to liberally construe a *pro se* complaint, this Court is not required to develop tangential claims from scant assertions in the complaint. *See Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985). In the Statement of Claim section of his complaint, Plaintiff states verbatim and in totality, "On 4-11-08 @ 3:30 a.m. I woke up, and asked the defendant for my vistreal medication for sleep, and she said no. On or round 4-11 give or take 20 days I informed Ombudsman Pigford in which he ruled substainuated." (Compl. at 3.) The plaintiff's claims under § 1983 should be dismissed for failure to state a claim. Plaintiff does not allege that he is being denied his medication, just that he was not given his sleeping medication on one occasion which fails to establish a constitutional violation.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **The petitioner's attention is directed to the important notice on the next page.**

                s/Joseph R. McCrorey
                United States Magistrate Judge

May 1, 2008
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).